# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BURT JEREMY BARROWS,<br><br>  Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. CV-14-00190-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 19. Attorney Dana C. Madsen represents plaintiff (Barrows). Special Assistant United States Attorney Danielle R. Mroczek represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 7. On April 10, 2015, Barrows replied. ECF No. 21. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 19.

## JURISDICTION

On May 17, 2011 Barrows applied for disability income benefits (DIB) and

ORDER ~ 1

supplemental security income (SSI) benefits alleging disability beginning October 1, 2009 (Tr. 147-57). The claims were denied initially and on reconsideration (Tr. 108-111, 117-20). Administrative Law Judge (ALJ) R.J. Payne held a hearing November 2, 2012. Barrows, represented by counsel, and a medical expert testified (Tr. 36-65). On November 29, 2012, the ALJ issued an unfavorable decision (Tr. 21-30). The Appeals Council denied review on April 18. 2014 (Tr. 1-5). Barrows appealed pursuant to 42 U.S.C. §§ 405(g) on June 16, 2014. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts appear in the administrative hearing transcript, the decisions below and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Barrows was 30 years old at the hearing. He has a ninth grade education and earned his GED. His last job in 2009 was seasonal. He worked at a fishery as a fish processor. He alleges disability based on mental limitations. He testified he was not getting mental health treatment because he has no medical insurance (Tr. 44-47, 49, 168-69, 173, 183, 203).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20

C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.

*Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Payne found Barrows was insured through December 31, 2013 (Tr. 21, 23). At step one, the ALJ found Barrows did not work at substantial gainful activity levels after onset (Tr. 23). At steps two and three, the ALJ found Barrows suffers from major depressive disorder, recurrent, mild versus dysthymia; symptoms of anxiety; borderline personality features; alcohol dependence in remission and marijuana abuse, impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 23). The ALJ found Barrows less than fully credible. He assessed an RFC for a full range of work at all exertional levels with nonexertional limitations (Tr. 25-26). At step four, without consulting a vocational expert, the ALJ

found Barrows can perform his past work as a fish processor (Tr. 29). Accordingly, the ALJ found Barrows was not disabled as defined by the Act (Tr. 30).

**ISSUES**

Barrows alleges the ALJ erred in two respects: when he assessed credibility and weighed the medical evidence. ECF No. 14 at 7-14. The Commissioner responds that because the ALJ's findings are factually supported and free of harmful legal error, the court should affirm. ECF No. 19 at 5.

**DISCUSSION**

*A. Credibility*

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). As the Court has stated many times, absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Garrison v. Colvin*, 759 F.3d 995, 1015 n. 18 (9th Cir. 2014).

Barrows alleges the ALJ erred when he relied on statements inconsistent with objective evidence, lack of consistent treatment, substance abuse, daily activities and

lack of objective medical evidence. ECF No. 14 at 8, referring to Tr. 27-28. The Commissioner responds that the ALJ's reasons are fully supported. ECF No. 19 at 7.

The ALJ notes Barrows inconsistently reported "he stopped working for other reasons and indicated that he was laid off" (Tr. 168), "denies that he has ever been laid off or fired" (Tr. 189) and testified that "he stopped work because it was getting harder, he had trouble getting along and trying to maintain in a social setting was getting difficult" (Tr. 46), cited by the ALJ at Tr. 28.

The ALJ observes Barrows told Dr. Mabee in February 2011 he had not earned a GED, but told a treatment provider he got his GED in 2010. Records in February 2012 indicate Barrows took college classes and said he was doing well, passing all of his classes (Tr. 28, 227, 241, 297). Even assuming this reason is erroneous, however, it is not fatal to the result. Because the ALJ's remaining reasoning *and ultimate credibility determination* were adequately supported by substantial evidence in the record, any error is clearly harmless. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008)(emphasis in original).

The ALJ relied in part on Barrows' history of substance abuse during the period relevant to this adjudication (Tr. 28). He had a DUI in 2012, about six months before the hearing (Tr. 57) and one in 2000 (Tr. 244). Evidence of drug use and drug seeking behavior may be considered when assessing credibility. *Edlund v.*

*Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

The ALJ relied in part on the lack of mental health treatment, noting "[w]hile financial constraints may have affected his ability to obtain medical care, one would still expect to find a greater degree of effort to alleviate symptoms if they were as limiting as alleged." (Tr. 28).  The ALJ noted the only mental health treatment in the record is the mandatory chemical dependency treatment program required by the court following a second conviction for driving while under the influence  (Tr. 28, 234-301). The ALJ notes monetary constraints do not justify a *complete lack* of voluntary treatment (Tr. 28)(emphasis added). The Commissioner accurately points out Barrows offered no reason for waiting so long to apply for state assistance, casting doubt on his alleged complete lack funds. ECF No. 19 at 11, citing Tr. 50. In addition, at the time of a 2012 substance abuse evaluation Barrows indicated he was receiving unemployment benefits (Tr. 242).

The ALJ relied in part on a lack of objective evidence to substantiate Barrows' claims (Tr. 29).  The record shows Barrows had mental health treatment in California in 2005, some four years prior to onset  (Tr. 251).

The ALJ relied in part on daily activities, which  include downloading movies from the internet, surfing the web, reading blogs and playing video games; mowing the lawn; cooking; laundry and buying groceries. Barrows also plays video games with friends at their home or his and leaves the house alone two to three times a

week (Tr. 28, 54-56, 63). He admitted he has no problems getting along with family, friends and neighbors (Tr. 24, 188). Barrows alleges these activities are consistent with "his claims that he has depression and anxiety and has problems dealing with people." ECF No. 14 at 11.

The Court disagrees. Daily activities undermine credibility when they indicate activity and skills that that could easily translate to the workplace. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The ALJ's reasons are clear, convincing and supported by substantial evidence. Daily activities inconsistent with disabling limitations are properly considered. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). The lack of supporting objective evidence is properly considered, as long as it is not the sole factor. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The unexplained or inadequately explained lack of consistent treatment is properly considered. *Burch,* 400 F.3d at 680. The credibility assessment is supported overall.

*B. Medical evidence*

Barrows alleges the ALJ erred when he weighed the opinions of Drs. Veraldi and Mabee, and Tom Bryant, M.Ed., LMHC, CDP, MHP. ECF No. 14 at 12-14 .

Medical expert Donna Veraldi, Ph.D., assessed moderate limitations in understanding, remembering and carrying out detailed instructions; in maintaining attention and concentration for extended periods and in the ability to set goals or

make plans independently of others  (Tr. 41-42). She opined these limitations exist when DAA is excluded. The ALJ included these assessed moderate limitations in his RFC (Tr. 25). Moderate is defined as occasional (Tr. 25 at n 1).

Barrows alleges the ALJ should not have accepted Dr. Veraldi's opinion, and he alleges the opinion is "apparently fluid and inherently unreliable" because she changed her opinion about the extent of Barrows' limitations at the ALJ's behest. ECF No. 14 at 13. This allegation misconstrues the record. It is obvious that the exchange between Dr. Veraldi and the ALJ involved clarification rather than any alleged arm twisting.

A testifying doctor's opinion is properly relied on as long other evidence in the record supports those findings. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)(citation omitted). Here, the ALJ is correct that Dr. Veraldi's opinion is consistent with the evidence, including the lack of treatment and clear ability to function at a relatively high level, including successfully taking college classes.

Dr. Mabee assessed multiple moderate and marked limitations. The ALJ rejected Dr. Mabee's opinions because they were prepared for the purpose of obtaining benefits, used a check box form, relied heavily on unreliable self-reporting and are unsupported by his clinical findings, such as scoring within the average range on the January 2013 mental status exam, and other exam results noted to be mostly unremarkable, normal and average. In addition, Dr. Mabee had no records to

review (Tr. 29, 225-27).

These reasons are specific, legitimate and supported by the record. The rules applicable to receiving state benefits differ from the rules used by the Social Security Administration. A check-box form is entitled to little weight. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Opinions based on unreliable self-reporting may be properly discounted. *Bayliss v. Andrews*, 427 F.3d 1211, 1216 (9th Cir. 2005). Any medical opinion that is brief, conclusory and unsupported by clinical findings is properly discounted. *Bayliss*, 427 F.3d at 1216.

*Mr. Bryant*

Mr. Bryant, a mental health counselor, opined in February 2012 Barrows met the diagnostic criteria for dysthymic disorder; major depressive disorder; post-traumatic stress disorder; obsessive-compulsive disorder; alcohol dependence in full remission and avoidant personality disorder (Tr. 299-301). The ALJ was entitled to reject these diagnoses because only acceptable medical sources can give medical opinions, and Mr. Bryant is not an acceptable source. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ gave germane reasons for rejecting Mr. Bryant's opinion: it is unsupported by objective findings, based on unreliable self-report and obtained for purposes of obtaining state benefits (Tr. 29). Any medical opinion that is brief, conclusory and inadequately supported by clinical findings is properly discounted.

*Bayliss*, 427 F.3d at 1216. An ALJ may reject medical opinions based on reports of a claimant found not credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The purpose for which examination is conducted may be relevant if the agency applies rules different from those used by the SSA.

Barrows fails to show the ALJ erred when he weighed the medical evidence.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony and resolving ambiguities. *Tommasetti*, 533 F.3d at 1041-42.

The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

*D. Plaintiff's VE*

Barrows obtained a vocational expert's opinion in January 2013 – two months after the ALJ's decision. ECF No. 14 at 14, referring to Tr. 216-19. The opinion purports to incorporate the limitations assessed by Dr. Veraldi, but this is inaccurate (Tr. 216-17) because she did not assess Barrows as moderately limited in the ability to complete a normal workday and workweek without interruptions – instead, she rated it as mild (Tr. 319). This means the VE's opinion that Barrows is unable to work is of no effect because it was based on limitations the ALJ properly rejected. *See Gomez v. Chater*, 74 F.3d 967, 971-72 (9th Cir. 1996) (also noting the opinion was obtained after an adverse administrative decision).

The ALJ's determinations are supported by the record and free of harmful legal error.

**CONCLUSION**

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 19**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 10th day of April, 2015.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER ~ 14